**Robert K. Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Michael Owens, OSB No. 104720**
mike@oregonworkplacelaw.com
MEYER EMPLOYMENT LAW
1125 NW Couch St Ste 550
Portland, OR 97209
Voice: (503) 459-4010
Fax: (503) 512-5022

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| **ANALISE ESPERANZA**,<br><br>Plaintiff,<br><br>v.<br><br>**THE JOHN G. SHEDD INSTITUTE FOR THE ARTS**, an Oregon nonprofit corporation,<br><br>Defendant. | Case No. 6:26-cv-1734<br><br>**COMPLAINT**<br><br>42 U.S.C. § 12112; 42 U.S.C. § 12203; ORS 659A.109; ORS 659A.112<br><br>**Demand for Jury Trial** |

Plaintiff Analise Esperanza ("Plaintiff") makes the following complaint against Defendant The John G. Shedd Institute for The Arts ("The Shedd" or "Defendant"):

## PARTIES, JURISDICTION & VENUE

1.

Plaintiff is an individual and a resident of Lane County, Oregon.

2.

The Shedd is an Oregon nonprofit corporation that employed Plaintiff in Eugene, Oregon, and conducts regular, sustained business activity in Lane County. Amond other activities, the Shedd hosts live entertainment and cultural events in its performance venues.

3.

At all relevant times, Defendant employed Plaintiff and acted through agents and employees, including supervisor Hannah Rudkin, administrator Tony Roethler, and Defendant's management personnel, who were acting within the course and scope of their employment with Defendant.

4.

At all relevant times, Defendant employed at least 15 employees and was an employer subject to ORS 659A.103 to ORS 659A.145 and the Americans with Disabilities Act.

5.

Plaintiff timely filed an administrative charge with the Oregon Bureau of Labor and Industries and the United States Equal Employment Opportunity Commission. The EEOC issued a Notice of Right to Sue on May 25, 2026, which Plaintiff received on or about June 6, 2026. Plaintiff has exhausted her administrative remedies, and this action is timely.

6.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises in substantial part under 42 U.S.C. § 12112 and 42 U.S.C. § 12203. This Court has supplemental jurisdiction over Plaintiff's related Oregon-law claims pursuant to 28 U.S.C. § 1367(a).



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

7.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant resides in Lane County and a substantial part of the events or omissions giving rise to the claims in this action occurred in Lane County.

**FACTUAL ALLEGATIONS**

8.

Defendant hired Plaintiff on June 13, 2025, as a Venue Assistant in Eugene, Oregon. At the time of her termination, Plaintiff was making $15.25 per hour.

9.

Plaintiff attended orientation and training with Defendant from June 17-19, 2025. During the interview and orientation process, Defendant had emphasized that it worked to place employees in roles they were comfortable performing.

10.

With that in mind, on June 17, Plaintiff sent her availability and preferred roles and explained that she was known to experience overheating easily and would perform best with brief breaks for water and cooling. She was also notified that there was a July 15 fingerprinting deadline, but it was not emphasized by Defendant and never followed up on.

11.

During her first shifts on June 25 and June 27, Plaintiff experienced debilitating overheating and exhaustion. The same symptoms returned on July 1 despite different assigned duties. She spoke with Venue Assistant Supervisor Hannah Rudkin, and they agreed that Plaintiff could take breaks as needed and could ask to skip a task near the end of a shift if necessary. These informal adjustments did not resolve her symptoms.



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

12.

On July 9, Plaintiff called out sick because she was experiencing a panic attack about returning to work in the conditions that would cause her disability to flare up. On July 10, she emailed Ms. Rudkin before her shift and explained what was happening. Ms. Rudkin removed her from the schedule for the time being and instructed her to contact Defendant when she was ready to return.

13.

Plaintiff emailed Ms. Rudkin on July 11 with her plan to stabilize and return to work. She received no response. On July 21, she emailed Ms. Rudkin to request a return to work, asked about temporarily reduced hours, requested a discussion about accommodations, and asked for confirmation of her employment status. She emphasized that a timely response was important because she needed confirmation of her employment status for housing and subsidy applications. She again received no response.

14.

On July 23, Plaintiff called Defendant and spoke with Ms. Rudkin. Ms. Rudkin said she did not know Plaintiff's employment status and referred her to administrator Tony Roethler.

15.

Mr. Roethler called Plaintiff on July 24. Plaintiff explained her disability-related symptoms, her prior request for adjustments, her desire to return, and her need for a clear employment status. Mr. Roethler disputed that she had requested accommodations, questioned her disabilities, and repeatedly pressured her to discuss accommodations by telephone that instant, which distressed Plaintiff. She asked to continue the interactive process by email because the call had become upsetting.



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

16.

During that call, Plaintiff told Mr. Roethler that she would provide a referral letter from her employment specialist and a formal accommodation request letter from her medical provider. On July 25, she emailed Mr. Roethler copies of her earlier communications and the employment specialist's referral letter. She again stated that she intended to provide the medical letter. Defendant did not respond.

17.

On August 1, Plaintiff emailed Mr. Roethler and Ms. Rudkin, requested a status update, and again asked Defendant to participate in the interactive process of accommodation. After receiving no response, she and her employment specialist tried to contact a board member and fax Defendant. On August 11, her employment specialist hand-delivered the written request to the ticket office. Defendant still did not respond.

18.

On August 17 and August 18, Plaintiff again asked for a formal employment status and information about her final wages. On August 19, Mr. Roethler stated that Defendant could not offer accommodations for the Venue Assistant position and that it was issuing her final paycheck. That communication formally ended Plaintiff's employment before she could provide the promised medical letter or discuss available alternatives.

19.

During the subsequent investigation by the Bureau of Labor and Industries and the Equal Employment Opportunity Commission, Defendant asserted that Plaintiff's employment ended because she did not complete fingerprinting by the July 15 deadline.



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

20.

The August 19 separation communication did not identify fingerprinting as the reason for ending her employment. Instead, it stated that Defendant could not provide accommodations and would issue final pay. In addition, the July 15 fingerprinting deadline could not have been the reason for Plaintiff being removed from Defendant's schedule five days earlier.

21.

At all material times, Plaintiff had physical and mental impairments that substantially limited one or more major life activities. Specifically, Plaintiff's tendency to overheat easily limits the operation of one or more bodily functions of Plaintiff, such as temperature regulation, and Plaintiff's breathing.

22.

Plaintiff was qualified for employment with Defendant and could perform the essential functions of her job with an effective reasonable accommodation.

23.

Defendant did not request additional information necessary to evaluate Plaintiff's requests, identify the essential functions at issue, assess potential accommodations, explore alternative assignments or reassignment, or otherwise engage in a meaningful interactive process.

24.

Following the termination of her employment, Plaintiff lost wages and other income. Plaintiff diligently sought replacement employment, but now earns significantly less in her new employment.

25.

Defendant's conduct caused Plaintiff significant stress, anxiety, humiliation, and mental suffering. Defendant removed Plaintiff from the schedule during a disability-related crisis and then



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

left her for weeks without a clear employment status while she attempted to return to work. Defendant's conduct also aggravated Plaintiff's PTSD, which is associated with experiences of being unheard or victimized by persons in positions of authority.

26.

Defendant knew that Plaintiff was requesting disability accommodations and attempting to return to work, but ignored repeated communications, categorically denied accommodation, and ended Plaintiff's employment before completing a meaningful interactive process. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

27.

As a result of the legal violations by Defendant discussed above and below, Plaintiff has suffered damages, including but not limited to economic damages, such as lost wages and other income, and non-economic damage in the form of garden-variety emotional distress, including pain, sorrow, anxiety, depression, suffering, and humiliation. Plaintiff also continues to accrue attorney fees and costs in pursuing this action.

## CLAIMS FOR RELIEF

### Count One
### ORS 659A.112
### Disability Discrimination — Disparate Treatment

28.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

29.

ORS 659A.112(1) makes it "an unlawful employment practice for any employer to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability."



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

30.

At all material times, Plaintiff had a disability as defined by ORS 659A.104. Plaintiff could perform the essential functions of Plaintiff's job, with or without accommodation.

31.

Defendant violated ORS 659A.112 by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including removal from the schedule and termination, based on Plaintiff's disability or need for accommodations.

32.

In addition to damages, Plaintiff is entitled to costs and attorney fees pursuant to ORS 659A.885.

## Count Two
## ORS 659A.112
## Disability Discrimination — Failure to Accommodate a Disability

33.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

34.

ORS 659A.112(2)(e) makes it unlawful for an employer to "not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability[.]"

35.

Defendant violated ORS 659A.112 by, without limitation, failing to engage in the interactive process to determine reasonable accommodations for Plaintiff's disability or failing to make such accommodations, including cooling breaks, modified duties, temporarily reduced hours, or reassignment.



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

36.

In addition to damages, Plaintiff is entitled to costs and attorney fees pursuant to ORS 659A.885.

**Count Three**
**ORS 659A.109**
**Retaliation for Invoking Disability-Related Rights**

37.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

38.

ORS 659A.109 makes it unlawful to discriminate or retaliate against an employee who invokes the disability-related rights and protections contained in ORS 659A.103 to ORS 659A.145, including the right to request reasonable disability accommodations.

39.

Defendant violated ORS 659A.109 by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including removal from the schedule and termination, on the basis of Plaintiff's invocation of disability-related rights, including requesting accommodations and asking Defendant to engage in the interactive process.

40.

In addition to damages, Plaintiff is entitled to costs and attorney fees pursuant to ORS 659A.885.

**Count Four**
**42 U.S.C. § 12112**
**ADA Disability Discrimination — Disparate Treatment**

41.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

42.

The Americans with Disabilities Act ("ADA"), through 42 U.S.C. § 12112(a) and 42 U.S.C. § 12112(b)(5)(B), prohibits discrimination against a qualified individual, including in "hiring, advancement… discharge… compensation, job training, and other terms, conditions, and privileges of employment" on the basis of disability or the employer's need to make disability accommodations.

43.

At all material times, Plaintiff was a "qualified individual" with a "disability" as those terms are defined in 42 U.S.C. §§ 12102 and 12111.

44.

Defendant violated 42 U.S.C. § 12112 by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including removal from the schedule and termination, based on Plaintiff's disability or need for accommodations.

45.

In addition to damages, Plaintiff is entitled to costs and attorney fees pursuant to 42 U.S.C. §§ 2000e-5(k), 12117, and 12205.

**Count Five**
**42 U.S.C. § 12112**
**ADA Disability Discrimination — Failure to Accommodate a Disability**

46.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

47.

At all material times, Plaintiff was a "qualified individual" with a "disability" as those terms are defined in 42 U.S.C. §§ 12102 and 12111.



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

48.

The Americans with Disabilities Act ("ADA"), through 42 U.S.C. § 12112(b)(5)(A), makes it unlawful for an employer to fail to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability[.]"

49.

Defendant violated 42 U.S.C. § 12112 by, without limitation, failing to engage in the interactive process to determine reasonable accommodations for Plaintiff's disability or failing to make such accommodations, including cooling breaks, modified duties, temporarily reduced hours, or reassignment.

50.

In addition to damages, Plaintiff is entitled to costs and attorney fees pursuant to 42 U.S.C. §§ 2000e-5(k), 12117, and 12205.

**Count Six**
**42 U.S.C. § 12203**
**ADA Retaliation and Interference**

51.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

52.

The ADA, 42 U.S.C. § 12203, makes it unlawful for an employer to retaliate against any employee who "has opposed any act or practice made unlawful" by the ADA or "made a charge, testified, assisted, or participated in… an investigation, proceeding, or hearing" pursuant to the ADA, or to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of" their rights under the ADA.



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

53.

Defendant violated 42 U.S.C. § 12203 by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment, including removal from the schedule and termination, because of Plaintiff's invocation of disability-related rights, including requesting accommodations and asking Defendant to engage in the interactive process, or opposing unlawful practices under the ADA.

54.

In addition to damages, Plaintiff is entitled to costs and attorney fees pursuant to 42 U.S.C. §§ 2000e-5(k), 12117, 12203(c), and 12205.

## DEMAND FOR JURY TRIAL

55.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

56.

WHEREFORE, Plaintiff requests the following judgments against and relief from Defendant:

(a) Economic damages in an amount to be determined by the jury;

(b) Non-economic damages in an amount to be determined by the jury;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable costs and attorney fees, including as authorized by ORS 659A.885 and 42 U.S.C. §§ 2000e-5(k), 12117, 12203(c), and 12205;



MEYER EMPLOYMENT LAW
1125 NW COUCH ST. STE 550
PORTLAND, OR 97209
VOICE: 503-459-4010
FAX: 503-512-5022

(e) Appropriate equitable relief, including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates or retaliates on the bases alleged in this Complaint;

(f) Pre-judgment and post-judgment interest as appropriate and allowed by law;

(g) On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable timeframe; and

(h) All such other relief as this Court may deem proper.

DATED: August 19, 2026

Respectfully Submitted:

MEYER EMPLOYMENT LAW

*s/ Michael Owens*

Robert K. Meyer, OSB No. 086470
robert@oregonworkplacelaw.com
Michael Owens, OSB No. 104720
mike@oregonworkplacelaw.com

Of Attorneys for Plaintiff